IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **NATHAN SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 22-4017-KHV |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff appeals the decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 401 et seq. This matter is before the Court on plaintiff's Emergency Preliminary Injunction Appeal Of Denial Of Disability Benefits [And] Request For Hearing (Doc. #3) filed March 21, 2022. For reasons stated below, the Court overrules plaintiff's motion.

**Legal Standards**

The purpose of a preliminary injunction is "to preserve the status quo pending the outcome of the case." Tri–State Generation & Transmission Ass'n., Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal. Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). To obtain a preliminary injunction, plaintiff must establish that (1) he will suffer irreparable injury unless the preliminary injunction issues; (2) the threatened injury outweighs whatever damage the proposed preliminary injunction may cause defendant; (3) the preliminary injunction, if issued, will not be adverse to the public interest; and (4) he is substantially likely to

ultimately prevail on the merits of his claims.  Heideman v. S. Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003).

## Analysis

Plaintiff seeks a preliminary injunction forcing the Commissioner of Social Security to immediately respond so that the Court can hold a hearing and assess the evidence of his disability.[1] Plaintiff does not address the various factors for injunctive relief.   In any event, he is not entitled to the requested relief, which essentially asks the Court to expedite his case and determine whether he is disabled without reference to the underlying administrative proceeding.   In an appeal of the Commissioner's denial of benefits, the Court does not reweigh the evidence or retry the case. Flaherty v. Astrue, 515 F.3d 1067, 1070 (10th Cir. 2007).   Before the Court decides an appeal in a social security case, defendant must prepare and file the administrative record.   D. Kan. Rule 83.7.1.   The parties then must file memoranda which address whether the Commissioner's final decision to deny benefits is free from legal error and supported by substantial evidence.   Id.; Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).   Plaintiff has not shown good cause for the Court to deviate from the established procedure for social security appeals which is set forth in D. Kan. Rule 83.7.1.   The Court therefore overrules plaintiff's motion for injunctive relief.

**IT IS THERFORE ORDERED** that plaintiff's Emergency Preliminary Injunction Appeal Of Denial Of Disability Benefits [And] Request For Hearing (Doc. #3) filed March 21,

---

[1] Plaintiff asks for a hearing on his motion for injunctive relief.   In its discretion, the Court declines to conduct an evidentiary hearing because it can decide the motion on the present record.  See Reynolds & Reynolds Co. v. Eaves, 149 F.3d 1191 (Table), 1998 WL 339465, at *3 (10th Cir. June 10, 1998) (nothing in Tenth Circuit authority requires evidentiary hearing before grant or denial of motion for preliminary injunction); see also Carbajal v. Warner, 561 F. App'x 759, 764 (10th Cir. 2014) (plaintiff did not show that district court abused discretion in denying injunctive relief without hearing).

2022 is **OVERRULED**.   **The Clerk is directed to send plaintiff a copy of District of Kansas local rule 83.7.1.**

Dated this 4th day of April, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
