## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATHAN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 22-4017-KHV |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 21, 2022, pro se plaintiff Nathan Smith filed a complaint against Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, appealing the denial of his disability benefits. Complaint (Doc. #1) at 1. This matter is before the Court on Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) filed June 27, 2022. For reasons stated below, the Court sustains defendant's motion.

## Legal Standard

Defendant seeks to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. See Castaneda v. I.N.S., 23 F.3d 1576, 1580 (10th Cir. 1994). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper, and the law imposes a presumption against jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999); see also Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

A party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. Davis ex rel. Davis v. United States, 343 F.3d 1282,

1295 (10th Cir. 2003). A court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts under Rule 12(b)(1). Id. at 1296. In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion for summary judgment. Id.

The Court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court does not, however, assume the role of advocate for a pro se litigant. Id. A pro se litigant must "follow the same rules of procedure that govern all other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

## Factual Background

Plaintiff brings suit appealing the denial of disability benefits. Plaintiff's complaint alleges that upon his release from prison on March 9, 2017, he "was escorted by two federal probation officers to the Brunswick, Georgia Social Security Admin. and applied for disability benefits." Complaint (Doc. #1) at 1. Plaintiff asserts that the Commissioner denied his request and that he seeks to appeal that denial. Complaint (Doc. #1) at 1.

## Analysis

Before addressing the jurisdictional question, the Court notes that plaintiff has not responded to the Commissioner's motion and the time to do so has expired.[1] District of Kansas Rule 7.4 states that absent a showing of excusable neglect, a party who fails to file a responsive brief within the time specified in D. Kan. Rule 6.1(d) "waives the right to later file such brief." If

---

[1] The Commissioner filed her motion on June 27, 2022. Plaintiff's response was due July 18, 2022. See D. Kan. R. 6.1(d)(2) (response to dispositive motion due within 21 days). As of August 1, 2022, plaintiff has not filed a response or filed a motion requesting an extension of time.

a party does not file a responsive brief within 21 days, "the court will consider and decide the motion as an uncontested motion.  Ordinarily, the Court will grant the motion without further notice."  D. Kan. Rule 7.4(b).  A pro se litigant is not excused from complying with the rules of the Court and is subject to the consequences of non-compliance.  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994) (citing Nielsen, 17 F.3d at 1277).  However, the Court will also decide the motion to dismiss on its merits.

Defendant argues that the Court lacks subject matter jurisdiction because the Social Security Commissioner has not issued the "final decision" required by Section 205(g) of the Social Security Act.  42 U.S.C. § 405(g); see Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) at 1.  The Commissioner attaches numerous documents in support of her motion to dismiss, including the "Declaration of Janay Podraza, the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations."  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 1–3.  The declaration includes documents which show that plaintiff initially filed claims for disability benefits on March 30, 2017.  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 4–13.  The state agency denied plaintiff's claim at the initial level on July 25, 2017, and upon reconsideration on December 27, 2017.  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 13–18, 34–38.  On March 30, 2020, plaintiff filed a new claim for disability benefits, which the state agency denied at the initial level on October 16, 2020.  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 55–66.  In deciding this motion, the Court considers Podraza's declaration and the documents attached to it.  See Davis ex rel. Davis, 343 F.3d at 1295.

In Weinberger v. Salfi, 422 U.S. 749 (1975), the Supreme Court held that Section 205(h)

of the Social Security Act bars general federal question jurisdiction in actions challenging a denial of disability benefits.  Id. at 766–68.  Section 205(g) of the Social Security Act thus provides the only means of judicial review and requires a "final decision of the Commissioner made after a hearing" as a jurisdictional prerequisite.  Reed v. Heckler, 756 F.2d 779, 782 (10th Cir. 1985); see 42 U.S.C. § 405(h) ("The findings and decision of the Commissioner . . . after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner . . . shall be reviewed by any person, tribunal, or government agency as herein provided.").  Because the term "final decision" is not defined by the statute, "its meaning is left to the [Commissioner] to flesh out by regulation."  Weinberger, 422 U.S. at 766.  In Mathews v. Eldridge, the Supreme Court recognized that an exception to this "final decision" jurisdictional requirement exists where the actions of the Commissioner "are challenged on constitutional grounds and the constitutional claim is collateral to the substantive claim of entitlement."  424 U.S. 319, 327 (1976); Reed, 756 F.2d at 783.

When the state agency denied plaintiff's request for disability benefits on July 27, 2017, and October 30, 2020, plaintiff received a "Notice of Disapproved Claim."  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 13–18, 63–66.  The first page of each notice explained the framework for seeking administrative and judicial review of his disability claims.  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 13, 63.  Congress has directed that the initial determination whether an individual is disabled is made by a state agency, pursuant to regulations and guidelines established by the Commissioner.  42 U.S.C. § 421(a).  If the state agency determines that the individual is not disabled, the notice instructs the individual of his right to file an appeal, also known as a "Request for Reconsideration," within 60 days of the adverse initial determination.  20 C.F.R. §§ 404.904,

404.909.  By statute, if the individual does not file a timely appeal, the initial determination is final and not reviewable by the district court.  20 C.F.R. § 404.905.  On appeal, if the state agency issues an adverse reconsideration decision, the individual is entitled to request a hearing before an administrative law judge ("ALJ") within 60 days of receiving the decision.  42 U.S.C. § 405(b)(1), 20 C.F.R. § 416.1421.  The adverse reconsideration decision is binding upon the individual if he does not timely request an ALJ hearing.  20 C.F.R. §§ 404.920, 404.921(a).  If the ALJ issues an adverse decision to the individual, he may seek review by the Appeals Council within 60 days of the ALJ decision.  20 C.F.R. § 404.968(a)(1).  The Commissioner is considered to have rendered a "final decision" subject to judicial review under Section 405(g) only after the Appeals Council has denied review or granted review and issued its own adverse decision against the individual.

Instead of following the appeals process, plaintiff chose to file this action.  After the state agency denied his request for benefits on July 27, 2017, plaintiff filed a request for reconsideration within the required time frame.  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1), ¶ 3(a).  On December 27, 2017, the state agency reviewed the case and affirmed the decision to deny benefits.  Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) (Exhibit 1) at 34–38.  After receiving the state agency's reconsideration decision, plaintiff did not file a request to have a hearing before an ALJ, as required under 20 C.F.R. § 416.1421.  Because plaintiff did not request a hearing, the reconsideration order from December 27, 2017, is binding and not subject to judicial review.

On March 30, 2020, plaintiff filed a new claim for disability benefits which the Commissioner denied on October 16, 2020.  Plaintiff never requested reconsideration.  The order from October 16, 2020, is thus binding on plaintiff and not subject to judicial review.

Because plaintiff did not exhaust his administrative remedies for either of his claims and

has not alleged any basis for a colorable constitutional claim, this Court is without subject matter jurisdiction in this case, and it must be dismissed.  See Mathews, 424 U.S. at 330–32.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) (Doc. #17) filed June 27, 2022 is **SUSTAINED.**

Dated this 1st day of August, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge